**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MILTON JOSEPH TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  11-1476 (JEB) |
| | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Milton Joseph Taylor has filed a *pro se* petition for a writ of habeas corpus, claiming principally that the United States Parole Commission does not have the authority to revoke his term of supervised release and sentence him to additional prison time.  As this argument holds no water, the Court will deny the petition.[1]

I.  BACKGROUND

On June 14, 2002, in the Superior Court of the District of Columbia, petitioner was convicted of distribution of heroin and sentenced to a five-year term of imprisonment followed by five years of supervised release, execution of all of which was suspended.  Petitioner was instead placed on a two-year term of supervised probation.  United States Parole Commission's

---

[1] The Court will also deny two other ancillary motions. "Petitioner Reply Motion to be Release Immediately from Custody [*sic*]" [ECF No. 16] is moot since his petition is denied.  In addition,  petitioner's Motion to Recuse Judge James E. Boasberg [ECF No. 17] is denied both because petitioner failed to submit a "timely and sufficient affidavit" concerning prejudice under 28 U.S.C. § 144 and because he did not make an objective showing that a reasonable and informed observer would question this Court's impartiality.  *See In re Brooks,* 383 F.3d 1036, 1043 (D.C. Cir. 2004).

1

Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("USPC Opp'n"), Ex. 1 (Judgment and Commitment Order, *United States v. Taylor*, No. F 4745 01 (D.C. Super. Ct. June 14, 2002)).[2] On May 7, 2004, the same Superior Court judge revoked Petitioner's probation and sentenced him to twenty months incarceration to be followed by two years of supervised release. *See* Pet. at 17 [ECF page no.] (Judgment and Commitment Order, *United States v. Taylor*, No. F 4745 01 (D.C. Super. Ct. May 7, 2004)).

On several occasions thereafter, Petitioner's supervised release was revoked and he was sentenced to prison terms. *See* USPC Opp'n at 3-6. Petitioner's most recent return to custody occurred on July 8, 2011, upon execution of a supervision-violation warrant. *Id.*, Ex. 10 (Warrant). A hearing examiner found probable cause that petitioner had violated the conditions of his release by failing to report as directed to his supervision officer and by failing to undergo drug treatment. *Id.*, Ex. 11 (D.C. Probable Cause Hearing Digest dated July 10, 2011) at 2. It was later discovered that, on July 1, 2011, petitioner had been arrested in the District of Columbia and charged with possession with intent to distribute heroin. *Id.*, Ex. 11A (Supplement dated August 4, 2011). A revocation hearing took place on August 8, 2011, at which petitioner was represented by counsel. *See id.*, Ex. 12 (Hearing Summary) at 1. The Parole Commission ultimately revoked supervised release and ordered that petitioner "serve a new term of imprisonment of 16 month(s) from July 8, 2011, the date the warrant was executed." *Id.*, Ex. 14 (Notice of Action dated September 15, 2011) at 1. "No term of supervise release . . . follow[s] since the new term of imprisonment will exhaust the maximum authorized new term of imprisonment." *Id.*

---

[2] A correctly filled out Judgment and Commitment Order would have placed the reference to supervised release after the jail term and before the "E.S.S." (execution of sentence suspended), but the effect of the sentence is the same.

## II. DISCUSSION

The petition for a writ of habeas corpus presents, once again, Petitioner's challenge to the authority of the Parole Commission to revoke supervision and to return him to custody. *See generally* Memorandum Points and Citation of Laws in Support of [Petitioner's] Writ of Habeas Corpus. By the Government's count, this is his "seventh attempt to challenge the U.S. Parole Commission's authority to revoke his supervised release . . . and should be dismissed because it is a successive petition." USPC Opp'n at 7 (emphasis added). Indeed, as another court in this District concluded over five years ago in connection with this same case: "Petitioner does not present a single issue that has not been raised and rejected in [a] prior habeas action." *Taylor v. U.S. Marshal Serv.*, No. 06-1545, 2006 WL 3783245, at *2 (D.D.C. Dec. 21, 2006). Whether or not the petition should be dismissed as successive, *see, e.g., Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (affirming district court's dismissal of action where issues raised in petition had been or could have been decided in previous habeas action), it is clearly meritless.

The Parole Commission has jurisdiction over an offender serving a term of supervised release imposed by the Superior Court. *See* D.C. Code § 24-133(c)(2) (providing that supervised releasees are under Court Services and Offender Supervision Agency supervision and are "subject to the authority of the United States Parole Commission until completion of the term of supervised release"); *id.* § 24-403.01(b)(6) ("Offenders on supervised release shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release."); *Foster v. Wainwright*, 820 F. Supp. 2d 36, 38-39 (D.D.C. 2011).[3]

---

[3]   Supervised release is considered the functional equivalent of parole. *See Anderson v. U.S. Parole Comm'n,* No. 10-1451, 2010 WL 5185832, at *2 (D.D.C. Dec. 22, 2010) ("For most purposes, supervised release is the functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release.") (citations omitted);

The Parole Commission is authorized both to modify the conditions of supervised release as well as to revoke it. *See* 28 C.F.R. § 2.218(a). If the Parole Commission revokes supervised release, it may return the releasee to custody:

> If supervised release is revoked, the Commission shall determine whether the releasee shall be returned to prison to serve a new term of imprisonment, and the length of that term, or whether a new term of imprisonment shall be imposed but limited to time served. If the Commission imposes a new term of imprisonment that is less than the applicable maximum term of imprisonment authorized by law, the Commission shall also determine whether to impose a further term of supervised release to commence after the new term of imprisonment has been served. If the new term of imprisonment is limited to time served, any further term of supervised release shall commence upon the issuance of the Commission's order.

28 C.F.R. § 2.218(b).

The Parole Commission's administrative authority over supervised release and its power to impose a sentence when such release is revoked does not constitute a usurpation of a judicial function or violate the separation-of-powers doctrine. *See, e.g., Smallwood v. U.S. Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011) (citing cases). As nothing in the record of this case suggests that petitioner's term of supervised release had expired prior to the issuance and execution of the violation warrant on July 8, 2011, or that the Parole Commission's revocation decision otherwise violated the United States Constitution, a federal law, or a Parole Commission regulation, the Court sees no basis to grant the petition.

### III. CONCLUSION

The Parole Commission has the authority both to revoke supervised release and return a releasee to custody, as well as to impose a new term of supervised release following his release

---

*see also Jones v. United States,* 669 A.2d 724, 727 (D.C. 1995) ("A supervised release revocation hearing is the functional equivalent of a probation or parole revocation hearing.").

5

from custody.  Absent any showing that its actions here were improper, the petition for writ of habeas corpus will be denied.  An Order is issued separately.

                                                JAMES E. BOASBERG
                                                United States District Judge

DATE:  May 7, 2012